NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 11-4307

UNITED STATES OF AMERICA

v.

DAVID V. SHERIDAN,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 1:09-CR-0160-001)
District Judge: Hon. Christopher C. Conner

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, September 24, 2012

Before: McKEE, Chief Judge, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 9, 2012)

OPINION

McKEE, Chief Judge.

David V. Sheridan appeals the sentence of 360-months imprisonment that was

imposed after he pled guilty to distribution of child pornography in violation of 18 U.S.C.

§ 2252A(a)(2)(B). For the reasons that follow, we will affirm.

**I.**

As we write primarily for the parties, who are familiar with the facts and

procedural history of this case, we will set forth only those facts necessary to our

analysis.

Sheridan entered into a plea agreement in which he agreed to plead guilty to distributing child pornography. At his sentencing hearing, Sheridan did not object to the court's calculation of a Guideline range of 360 to 480 months, but he did file a sentencing memorandum requesting a sentence not exceeding the mandatory minimum of 180 months. The requested variance was primarily based on Sheridan's age (53 years old at the time of sentencing) and the criticism that several courts have leveled at the child pornography Guideline ranges.

After hearing various testimony, arguments of counsel, and allocution from Sheridan, the district court denied Sheridan's request for a downward variance and imposed the aforementioned prison term of 360 months; a sentence at the bottom of the advisory Guideline range. This appeal followed. The only issue raised by Sheridan is the substantive reasonableness of his sentence.

**II.**

The party appealing a sentence has the burden of proving that it is unreasonable. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). We review sentences under an abuse of discretion standard. *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010). In doing so, "we accord great deference to a district court's choice of final sentence." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). We will affirm a procedurally reasonable sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

2

Moreover, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III.

Sheridan argues that the district court abused its discretion by according undue weight to the child pornography Guidelines, and that that resulted in an unreasonably severe sentence. He claims that the district court failed to sufficiently consider that the child pornography Guidelines merit lesser deference, as they are not the result of "empirical data and national experience[,]" as we explained in *Grober*. 624 F.3d at 608.

In *Grober*, we referred to the statement by the Court of Appeals for the Second Circuit in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), wherein that court explained that U.S.S.C. § 2G2.2 (the child pornography Guideline) is an "eccentric Guideline of highly unusual provenance which, *unless carefully applied*, can easily generate unreasonable results." 616 F.3d at 188 (emphasis added).[1] Here, however, the record is clear that the district court was careful in applying § 2G2.2, and we do not think that the resulting sentence is so extreme under all of the circumstances as to satisfy Sheridan's burden of establishing that it is unreasonable.

The district court explicitly addressed Sheridan's request for a downward variance to the mandatory minimum of fifteen years, but found the circumstances here

---

[1] Our precise reference in *Grober* included only part of this quote from *Dorvee*: "For these reasons, the Second Circuit concluded that this 'eccentric Guideline of highly unusual provenance' is not worthy of the weight afforded to other Guidelines." (624 F.3d at 607) (quoting *Dorvee*, 616 F.3d at 188).

distinguishable from similar cases in which downward variances had been granted.  The

district court noted several reasons for which courts have granted downward variances in

child pornography cases, including that the defendant: 1) was only convicted of

possession of child pornography with no distribution and no attempts on the part of the

defendant to coerce or meet a minor; 2) had no, or a very limited, prior criminal history;

3) was determined to have reduced mental capacity; and/or 4) received psychological

evaluations establishing that the defendant was unlikely to reoffend.  App. 103-06.  The

district court pointed out that none of those extenuating circumstances applied to

Sheridan.  He had not only possessed child pornography; he had attempted to distribute it

to persons he believed to be minors.  Worse yet, he tried to arrange a meeting with

someone he thought was a  minor, and the nature of that meeting was all too apparent to

the district court.  Sheridan has a lengthy criminal history that included assaulting

children,[2] he is already required to register as a sex offender, and there is still more.  The

psychological evaluation he underwent established that he meets the criteria for sexually

violent predators, which, when viewed in combination with the nature of both his past

conduct and current offense, indicates a severe risk of recidivism.  Finally, he does not

have the kind of reduced mental capacity that is sometimes viewed as worthy of a

downward variance.

    After considering all of these circumstances, the district court concluded it is

"absolutely clear . . . that Mr. Sheridan should be in old age at the time he is released and

---

[2] Sheridan's prior convictions include cruelty to animals, assault involving a child with a belt, indecent assault, corruption of minors as the result of forcing two mentally deficient minors to perform fellatio on him, and failure to register as a sex offender.

4

that this will make him less likely to recidivate." App. 107. Since Sheridan had not learned anything from his prior sentences for offenses involving minors, the district court quite properly decided to impose a lengthy sentence that would incapacitate him until he reached a point where old age would limit his potential to inflict harm yet again. In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court explained that the sentencing factors set forth in 18 U.S.C. § 3553(a) require that courts impose a sentence that is the minimum required to achieve the objectives of the sentencing court. 552 U.S. at 101. However, when the primary objective of sentencing is incapacitation, the need to explain why a less severe sentence would not satisfy the objectives of a given sentence is drastically reduced. The objective is incapacitation for the sake of incapacitation.

Though Sheridan attempts to argue that the child pornography Guidelines always merit lesser deference, *Grober* "emphasize[d] that we do not hold that § 2G2.2 will always recommend an unreasonable sentence." 624 F.3d at 609. We also explained that, "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." *Id*. We believe the district court acted reasonably in concluding that Sheridan's continuing propensity toward victimizing children required a lengthy sentence, and we do not find that the length of the sentence that was imposed was unreasonable given the unique circumstances here.

**IV.**

For the reasons set forth above, we will affirm the judgment of the district court.